DeCARLO, Judge.
This is an appeal by an indigent from a denial of a petition for error coram nobis relief. The appellant seeks to overturn his second degree forgery conviction and sentence of ten years. A mistrial was declared in appellant’s first and second trials on this charge. His conviction was the result of a third trial.
Appellant’s sole contention is that he was denied his constitutional right to effective assistance of counsel because his court-appointed attorney failed to obtain a transcript of his first trial which ended in a mistrial because the jury was unable to reach a verdict.
The transcript of the hearing on the petition for writ of error coram nobis indicates that the attorney who is the subject of appellant’s ineffective assistance of counsel charge made a request for a transcript of the mistrial proceeding and was advised, “[Tjhat for an indigent, it would not be provided unless the person was willing to pay for the transcript.”
In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the United States Supreme Court recognized an indigent’s right to a transcript of a first trial which had ended in a mistrial. Although the court found that the accused had “available an informal alternative substantially equivalent to a transcript,” the court’s denial of relief was due to the “narrow circumstance of the case” wherein the petitioner conceded he had an “alternative device.”
The question in Britt v. North Carolina, supra, and a material inquiry in the present case, was “whether the State court properly determined that the transcript requested ... was not needed for an effective defense.” The Supreme Court identified two factors relevant to a determination of whether an indigent defendant “needed” a transcript of a prior mistrial in order to have an “effective defense” or “appeal.”
*527 Those factors were:
“(1) [T]he value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.” [Footnote omitted]
It was the court’s opinion that it was not necessary for petitioner “to specify how the transcript might have been useful.” Nor was a “showing of need tailored to the facts of the particular case” required. The court concluded:
“[E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.”
Further in the opinion the court stated: “A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight.”
In view of the holding in Britt v. North Carolina, supra, and in the absence of some showing by the State that there was available “alternative devices that would fulfill the same functions as a transcript” the trial court was obligated to provide a transcript of those proceedings. We are also of the opinion that the statements and investigative reports available to appellant in the present case are not comparable to the “alternative device” noted in Britt.
It is also our judgment that the petition was properly denied in view of the following concession by appellant’s attorney at the time of the hearing:
“But it seems to me if you have a mistrial, you ought to be able to get a copy of sworn testimony. They don’t do it around here. It’s not Mr. Driscoll’s fault. They just don’t do it. They ought to. The rich folks can do that, but the poor folks can’t. Rich folks hire lawyers to get transcripts.
“THE COURT: But Mr. Driscoll is accused—
“MR. STEPHENS: You have got to have a vehicle to get to court on.”
As can be seen from, this portion of the record the appellant concedes that the attorney who was appointed after the mistrial was not at fault and the ineffective assistance of counsel charge was employed only as a means to have the matter reviewed.
Under the facts outlined we do not believe that the contention of ineffective assistance of counsel was sufficiently proved and the petition, on this ground, was properly denied. Therefore, the judgment by the Jefferson Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.