TAYLOR, Judge.
Howard Jeffrey Taylor, a 26-year-old male, was convicted of the statutory rape of a 10-year-old girl, who was a student at the school where he was a janitor. Appellant denied his guilt and offered testimony that he was at other places or that his car was inoperable during one or more of the times during which the two were alleged to have had sexual intercourse. On appeal, the appellant Taylor raises three issues.
I
Appellant contends that the court erred to reversal because it failed to grant his motion for a complete transcript of a previous trial of this case which ended in a mistrial, citing Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), and Zeigler v. State, 426 So.2d 526 (Ala.Cr.App.1983). Both of these cases hold that an indigent defendant is entitled to a transcript of a former trial which ended in a mistrial. In Britt, the United States Supreme Court stated:
“In prior cases involving an indigent defendant’s claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, (2) the availability of alternative devices that would fulfill the same functions as a transcript.”
Although there was a hearing on the motion for a copy of a transcript, no record was made of what transpired in that hearing. Therefore, the record is incomplete. The appellant was represented by retained counsel in this first trial, which resulted in a mistrial. Subsequently, the court determined that he was without, and unable to employ, counsel and appointed counsel for him.
In Zeigler v. State, this court, speaking through Judge DeCarlo, stated:
“In view of the holding in Britt v. North Carolina, supra and in the absence of some showing by the state that there was available ‘alternative devices that would fulfill the same functions as a transcript’ the trial court was obligated to provide a transcript of those proceedings. We are also of the opinion that the statements and investigative reports available to appellant in the present case are not comparable to the ‘alternative device’ noted in Britt.”
II
We have considered the other grounds raised by appellant, regarding remarks of counsel, but do not find them to be of merit.
For the reason set out in I above, this case is to be remanded to the circuit court for a hearing at which the parties may set out in full their positions with respect to the issue of the free transcript.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN FROM REMAND
TAYLOR, Judge.
This case was remanded to the Circuit Court of Jefferson County for a hearing to determine whether the appellant was entitled to a free transcript of a prior trial of this same cause that resulted in a mistrial. In accordance with our directions, the Cir *511 cuit Court of Jefferson County conducted a hearing, at which the parties fully argued their positions with respect to the issue of a free transcript. A transcript of that hearing is now before us, from which we are now able to decide whether a free transcript of the mistrial proceedings should have been provided to the appellant prior to the second trial that resulted in his conviction.
The hearing below began with the trial judge’s stating the following:
“Mr. Boudreaux appropriately raised the question on appeal that the Court had denied him a free transcript. Now the appellate court has directed me to have this hearing, at which time Mr. Bou-dreaux may more adequately set out his position. And I will make known to the Court of Appeals, apparently, for the first time, that the Court endeavored to satisfy the basic parameters of due process by providing Mr. Boudreaux access to the tapes that were accumulated, prepared and preserved by Court Reporter Finch in this matter.”
Appellant’s attorney admitted during this hearing that the trial judge “had provided to me or had the previous Court Reporter provide to me the tapes of the trial from the recorder. While they were of some use to me, they certainly were not as much use to me as a transcript could have been.” He also stated, “I had unlimited access to the tapes, that is true.” He argued, however, that because the court reporter’s recorder operated at half-speed, he “had a great deal of difficulty on [sic] the tapes.” The trial judge stated that, in the past, lawyers have used the court reporter’s machine to listen to and re-record the original tapes, and if the court reporter’s machine was not available, then there was a specific store in Homewood that provided such service. The judge stated that he could not remember whether he advised appellant’s attorney about that practice, nor could he remember being advised that counsel was having any difficulty with the tapes. Appellant’s attorney, responded, saying, “I do not recall as to the specific conversation that we had. I do remember that I had plenty of time with the tapes, that they were not provided to me one day before trial. That I had sufficient time to encounter these problems that I had.” The hearing concluded with the trial judge’s stating, “I just want our appellate judges to know that I endeavored to address your problem, short of giving you a transcript. I did provide the tapes to you and I was not advised they were inadequate, as to my recollection.”
It is now quite apparent that the second factor in Britt v. North Carolina, supra, (an alternative device that fulfills the same function as a transcript) was employed in this case. Accordingly, this case is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.