Howard Jeffrey Taylor, a 26-year-old male, was convicted of the statutory rape of a 10-year-old girl, who was a student at the school where he was a janitor. Appellant denied his guilt and offered testimony that he was at other places or that his car was inoperable during one or more of the times during which the two were alleged to have had sexual intercourse. On appeal, the appellant Taylor raises three issues.
 I
Appellant contends that the court erred to reversal because it failed to grant his motion for a complete transcript of a previous trial of this case which ended in a mistrial, citingBritt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431,30 L.Ed.2d 400 (1971), and Zeigler v. State, 426 So.2d 526 (Ala.Cr.App. 1983). Both of these cases hold that an indigent defendant is entitled to a transcript of a former trial which ended in a mistrial. In Britt, the United States Supreme Court stated:
 "In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, (2) the availability of alternative devices that would fulfill the same functions as a transcript."
Although there was a hearing on the motion for a copy of a transcript, no record was made of what transpired in that hearing. Therefore, the record is incomplete. The appellant was represented by retained counsel in this first trial, which resulted in a mistrial. Subsequently, the court determined that he was without, and unable to employ, counsel and appointed counsel for him.
In Zeigler v. State, this court, speaking through Judge DeCarlo, stated:
 "In view of the holding in Britt v. North Carolina, supra and in the absence of some showing by the state that there was available `alternative devices that would fulfill the same functions as a transcript' the trial court was obligated to provide a transcript of those proceedings. We are also of the opinion that the statements and investigative reports available to appellant in the present case are not comparable to the `alternative device' noted in Britt."
 II
We have considered the other grounds raised by appellant, regarding remarks of counsel, but do not find them to be of merit.
For the reason set out in I above, this case is to be remanded to the circuit court for a hearing at which the parties may set out in full their positions with respect to the issue of the free transcript.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN FROM REMAND